UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARASH SHAHINPOUR<br>Eintrachtstrasse 8<br>53844 Troisdorf<br>Germany<br><br>and<br><br>DYNAENERGETICS GMBH & CO. KG<br>Kaiserstrasse 3<br>53840 Troisdorf<br>Germany<br><br>     Plaintiffs,<br><br>v.<br><br>CARL C. RISCH, Assistant Secretary for<br>Consular Affairs<br>U.S. Department of State<br>2201 C Street, N.W., Room 6811<br>Washington, DC 20520<br><br>EDWARD J. RAMOTOWSKI, Deputy Assistant<br>Secretary for Visa Services<br>U.S. Department of State<br>2201 C Street, N.W., Room 6811<br>Washington, DC 20520<br><br>and<br><br>PATRICIA A. LACINA, Consul General<br>U.S. Consulate — Frankfurt Germany<br>Giessener Strasse 30<br>60435 Frankfurt<br>Germany<br><br>     Defendants. | **Civil Action No.:**_____ |

**COMPLAINT FOR WRIT OF MANDAMUS AND**
<u>**FOR DECLARATORY RELIEF**</u>

Plaintiffs Arash Shahinpour ("Mr. Shahinpour") and DynaEnergetics GmbH & Co. KG ("DynaEnergetics") (collectively, "Plaintiffs"), through undersigned counsel, bring this Complaint for Writ of Mandamus and for Declaratory Relief against Defendants Carl C. Risch, Assistant Secretary for Consular Affairs, U.S. Department of State; Edward J. Ramotowski, Deputy Assistant Secretary for Visa Services, U.S. Department of State; and Patricia A. Lacina, Consul General, U.S. Consulate — Frankfurt, Germany, in their official capacities, (collectively, "Defendants"), and state as follows:

### NATURE OF ACTION

1. This is an action to compel Defendants to issue a final decision on the B-1 nonimmigrant visa application of Plaintiff Mr. Shahinpour (the "visa application"), which has been pending at the U.S. Consulate — Frankfurt, Germany ("the Frankfurt Consulate") for more than two (2) years.

2. The visa application is based on an invitation from Mr. Shahinpour's employer, DynaEnergetics, requesting him to attend its Global Leadership and Sales meeting in Sun Valley, Idaho in 2017, and to participate in follow-up meetings with technical teams in the United States.

3. On or about November 22, 2016, Mr. Shahinpour submitted his visa application. *See* Ex. 1 (Receipt Notice for DS-160 Nonimmigrant Visa Application).[1] On or about December 1, 2016, Mr. Shahinpour appeared for a nonimmigrant visa interview at the Frankfurt Consulate. *See* Ex. 2 (DOS status query site result). Shortly thereafter, on or about December 1, 2016, Mr. Shahinpour's application was referred for administrative processing. *See* Ex. 3 (DOS status query site result).

---

[1] Where an exhibit is written in German, certified translations into English have been provided.

4. Since that time, and despite numerous inquiries by Mr. Shahinpour and a United States Congressional liaison, the Frankfurt Consulate has refused and failed to issue a decision on Mr. Shahinpour's visa application, leaving Plaintiffs in perpetual limbo.

5. Plaintiffs Mr. Shahinpour and DynaEnergetics are entitled to a decision on Mr. Shahinpour's visa application under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101(a)(9), (16), 1201(a)(1)(B), and the INA's implementing regulations, 22 C.F.R. § 42.81(a).

6. Plaintiffs Mr. Shahinpour and DynaEnergetics are also entitled to a decision on Mr. Shahinpour's visa application under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1), which authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id*.

7. Defendants' refusal and failure to render a final decision on Mr. Shahinpour's visa application constitutes agency action unlawfully withheld or unreasonably delayed, entitling Plaintiffs to the relief requested herein.

**THE PARTIES**

8. Plaintiff Arash Shahinpour is a German citizen, residing at Eintrachtstrasse 8, 53844 Troisdorf, Germany, and the applicant for the B-1 Nonimmigrant Visa at issue herein. Mr. Shahinpour is currently employed by DynaEnergetics GmbH & Co. KG as a product development engineer.

9. Plaintiff DynaEnergetics GmbH & Co. KG is a German company, and is the employer of Plaintiff Arash Shahinpour. DynaEnergetics GmbH & Co. KG designs, manufacturers, markets, and sells perforating systems and associated hardware for the international oil and gas industry.

10. DynaEnergetics US, Inc. is a U.S. company, incorporated in Colorado, and also manufacturers, among other things, an advanced portfolio of comprehensive perforating and well completion systems worldwide for use by the oil and gas industry.

11. DynaEnergetics GmbH & Co. KG and DynaEnergetics US, Inc. are part of DMC Global Inc.

12. Defendant Carl C. Risch is Assistant Secretary for Consular Affairs at the U.S. Department of State. This suit is brought against Assistant Secretary Risch in his official capacity, as he is charged with oversight of all consular — including immigrant visa — matters.

13. Defendant Edward J. Ramotowski is Deputy Assistant Secretary for Visa Services at the U.S. Department of State. This suit is brought against Deputy Assistant Secretary Ramotowski in his official capacity, as he is charged with all matters relating to visas and the administration of visa-related laws.

14. Defendant Patricia A. Lacina is Consul General of the U.S. Consulate in Frankfurt, Germany. This suit is brought against Consul General Lacina in her official capacity, as she is responsible for oversight of all consular activities of the Frankfurt Consulate.

## JURISDICTION AND VENUE

15. This is a civil action brought pursuant to 8 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty) and 28 U.S.C. § 1331 (federal question jurisdiction. This Court also has jurisdiction pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

16. As set forth herein, there exists an actual and justiciable controversy between Plaintiffs and Defendants requiring resolution by this Court.

17. Venue is proper under 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities and where a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

## EXHAUSTION OF REMEDIES

18. As set forth herein, Plaintiffs have made multiple inquiries to the Frankfurt Consulate since Mr. Shahinpour filed his visa application, had his interview, and learned that his visa application was referred to administrative processing, to no avail. There are no administrative remedies to address Defendants' refusal and failure to undertake their duty to timely render a final decision on Mr. Shahinpour's visa application.

## BACKGROUND

**I.  STATUTORY AND REGULATORY FRAMEWORK**

   **A.  The Immigration and Nationality Act ("INA")**

19. The Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, governs visa processing.

20. Pursuant to the INA, consular officers have exclusive authority over visa applications. That authority includes the granting, denying, and revoking of immigrant and non-immigrant visas. *See* 8 U.S.C. § 1201(a)(1), (g), (i); § 1101(a)(9), (16); *see also Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156 (D.C. Cir. 1999) ("The INA confers upon consular officers the exclusive authority to review applications for visas, precluding even the Secretary of State from controlling their determinations."); *Patel v. Reno*, 134 F.3d 929, 933 (9th Cir. 1998) ("[I]t is uncontested that only State Department consular officers have the power to issue visas.").

21. A consular's authority, however, is subject to certain visa eligibility requirements in the statute and implementing regulations. *See* 22 C.F.R. §§ 41.121. Importantly, pursuant to

5

22 C.F.R. § 42.81(a), "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provisions of INA and the implementing regulations, the consular officer must either issue or refuse the visa . . . . Every refusal shall be in conformance with the provisions of 22 C.F.R. 40.6." Section 42.81(a) is entitled "Issuance or refusal mandatory."  Neither the INA or nor its implementing regulations prescribes a time frame by which consular officers must issue or refuse a visa.

22. Generally, a consular officer's decision to grant or deny a visa petition is not subject to judicial review; this is known as the "doctrine of consular nonreviewability." *See, e.g., Saavedra Bruno*, 197 F.3d at 1159 ("The doctrine holds that a consular official's decision to issue or withhold a visa is not subject to judicial review[.]"); *Am. Sociological Ass'n v. Chertoff*, 588 F. Supp. 2d 166, 171 (D. Mass. 2008); *Am. Acad. of Religion v. Chertoff*, No. 06-CV-588 (PAC), 2007 U.S. Dist. LEXIS 93424, at *17-18 (S.D.N.Y. Dec. 20, 2007). However, where a plaintiff challenges the authority of consular officers to either take or *fail to take an action*, "as opposed to a decision taken within the consul's discretion, jurisdiction exists." *Patel*, 134 F.3d at 931-32 (footnote and citation omitted).

**B.    The Administrative Procedures Act ("APA")**

23. Under the APA, ["a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or *the failure to act*." 5 U.S.C. § 551(13) (emphasis added).

6

24. "An agency has a ***duty*** to conclude a matter presented to it within a 'reasonable time.'" *Liu v. Novak,* 509 F. Supp. 2d 1, 8 (D.D.C. 2007) (quoting 5 U.S.C. § 555(b)) (emphasis added).

25. Accordingly, under the APA, the "scope of judicial review includes 'compelling agency action unlawfully withheld or unreasonably delayed.'" *Liu*, 509 F. Supp.2d at 8 (quoting 5 U.S.C. § 706(1)); *see also Brock v. Pierce Cty*, 476 U.S. 253, 260 n. 7 (1986) (noting that APA gives district courts the authority to "compel agency action unlawfully withheld or unreasonably delayed").

26. The APA does not confer an independent basis for jurisdiction over agencies. Rather, 28 U.S.C. § 1331 (federal question jurisdiction) "in combination with the APA, vests the court[s] with jurisdiction to compel agency action that is unreasonably delayed or withheld." *Liu*, 509 F. Supp. 2d at 8 (citing *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1099-1100 (D.C. Cir. 2003)).

II. **FACTUAL BACKGROUND**

27. Since 2005, Mr. Shahinpour has been employed by DynaEnergetics in various capacities relating to research and product development ("R&D").

28. In those capacities, Mr. Shahinpour has worked on several marquis products comprising approximately 90% of DynaEnergetics' sales in the United States, including specifically DynaEnergetics' perforating systems. He is integral and essential to the R&D and manufacturing of those products.

29. As a result of Mr. Shahinpour's knowledge and involvement in R&D and manufacturing, in November 2016, DynaEnergetics requested that he attend its Global Leadership and Sales meeting in Sun Valley, Idaho in 2017, and participate in follow-up

7

meetings with technical teams in the United States. *See* Ex. 4 (Invitation Letter from DynaEnergics to Mr. Shahinpour, dated November 14, 2016); Ex. 5 (Application Letter from DynaEnergetics to Frankfurt Consulate, dated November 14, 2016).

30. In connection with that employer request, on or about November 22, 2016, Mr. Shahinpour applied for a B-1 Nonimmigrant Visa at the Frankfurt Consulate. *See* Ex. 1 (Receipt Notice for DS-160 Nonimmigrant Visa Application).

31. On or about December 1, 2016, Mr. Shahinpour appeared for a nonimmigrant visa interview at the Frankfurt Consulate. *See* Ex. 2 (DOS status query site result).

32. On or about December 1, 2016, Mr. Shahinpour's application was referred for administrative processing. *See* Ex. 3 (DOS status query site result).

33. Defendants have neither requested nor indicated that any additional information is required from either Mr. Shahinpour or DynaEnergetics with respect to the Mr. Shahinpour's visa application.

34. In the succeeding two years, Mr. Shahinpour, individually and through a U.S. Congressional liaison, has repeatedly inquired into the status of his visa application. *See* Ex. 6 (consular correspondence with visa services agent, dated April 27, 2017); Ex. 7 (correspondence with U.S. Senator Michael F. Bennet's office dated January 12, 2018). Each consular response was the same — that the case is in administrative processing.

35. Mr. Shahinpour's visa application has been pending at the U.S. Consulate in Frankfurt since on or before December 1, 2016, when he appeared for his visa interview. The Consulate's refusal and/or failure to issue a final decision on the visa application is unlawful and the delay is patently unreasonable.

36. Indeed, upon information and belief, it usually takes less than two (2) months for consulates, including the Frankfurt Consulate, to render a final decision on B-1 nonimmigrant visa applications after an applicant has been interviewed and his/her application has been referred to administrative processing.

37. Defendants' failure to issue a decision on Mr. Shahinpour's visa application within a reasonable time has caused injuries to Plaintiffs, including but not limited to: (i) Mr. Shahinpour could not attend DynaEnergetics' Global Leadership and Sales meeting in Sun Valley, Idaho; (ii) Mr. Shahinpour has not been able to attend follow-up meetings with technical teams in the United States for more than two years; and (iii) Mr. Shahinpour's inability to travel to the United States has impacted DynaEnergetics' product development efforts.

### FIRST CLAIM FOR RELIEF
### 28 U.S.C. § 1361
### Writ of Mandamus to Compel Officers and Agencies of the United States to Issue a Decision on Mr. Shahinpour's Visa Application

38. The above paragraphs are incorporated herein by reference.

39. In order to obtain a writ of mandamus, plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005); *see also Patel*, 134 F.3d at 933 (duty to adjudicate an immigrant visa application).

40. Plaintiffs clearly meet all three of these criteria, entitling them to the relief of mandamus.

41. Plaintiff Mr. Shahinpour, in connection with his employer's (DynaEnergetics) needs and requests, more than two years ago, applied for a B-1 nonimmigrant visa and was interviewed by the Frankfurt Consulate.

42. Plaintiffs have fully complied with all statutory and regulatory requirements for seeking a B-1 nonimmigrant visa for Plaintiff Mr. Shahinpour, including submitting all necessary documentation and paying all required fees.

43. Defendants have not requested any additional information or actions from either Mr. Shahinpour or DynaEnergetics with respect to the pending visa application. Furthermore, Defendants have not responded, substantively or otherwise, to Plaintiffs' multiple inquiries into the status of the visa application.

44. Under the INA and its implementing regulations, Defendants owe a duty to Plaintiffs to adjudicate Mr. Shahinpour's visa application within a reasonable time.

45. Defendants have willfully and unreasonably refused and/or failed to adjudicate Mr. Shahinpour's visa application for more than two years, thereby depriving Plaintiffs of their rights and privileges under the INA.

46. Defendants' breach of their duty to render a decision within a reasonable time has caused and continues to cause Plaintiffs harm, including but not limited to, preventing Mr. Shahinpour from traveling to the United States at his employer's request to assist in technical meetings in aid of legitimate business dealings.

47. Plaintiffs have brought this action because Plaintiffs have no other means to compel Defendants to perform the duties Defendants owe to them. Plaintiffs have exhausted all available remedies.

48. Based on the foregoing, Plaintiffs are entitled to a writ of mandamus directing Defendants to issue a final decision of Mr. Shahinpour's visa application.

## SECOND CLAIM FOR RELIEF
## 5 U.S.C. § 706(1)
### Administrative Procedure Act: Agency Action
### Unreasonably Delayed or Unlawfully Withheld

49. The above paragraphs are incorporated herein by reference.

50. The INA and its implementing regulations impose on Defendants a non-discretionary duty to render a decision on visa applications within a reasonable time. Indeed, the APA requires agencies to "proceed to conclude a matter presented" to the agency "within a reasonable time." 5 U.S.C. § 555(b).

51. Here, after more than two (2) years, Defendants have refused and/or failed to conclude a matter (Mr. Shahinpour's visa application) before them within a reasonable time.

52. Plaintiffs have fully complied with all statutory and regulatory requirements for seeking a B-1 nonimmigrant visa for Plaintiff Mr. Shahinpour, including submitting all necessary documentation and paying all required fees.

53. Defendants have willfully and unreasonably failed to adjudicate Mr. Shahinpour's visa application for more than two years, thereby depriving Plaintiffs of their rights under 22 C.F.R. § 42.81(a) and the APA to have a properly filed visa application decided in a timely manner.

54. This failure has caused and continues to cause Plaintiffs harm, including but not limited to, preventing Mr. Shahinpour from traveling to the United States at his employer's request to assist in technical meetings in aid of legitimate business dealings.

55. Plaintiffs have brought this action because Plaintiffs have no other means to compel Defendants to perform the duties Defendants owe to them. Plaintiffs have exhausted all available remedies.

56. Based on the foregoing, Plaintiffs are entitled to an order enjoining and directing Defendants to issue a final decision of Mr. Shahinpour's visa application in accordance with the APA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Issue a writ of mandamus, directing Defendants to render a final decision on Plaintiff Mr. Shahinpour's B-1 non-immigrant visa application within fourteen (14) days of the issuance of the writ;

B. Issue an order pursuant to the Administrative Procedure Act, 5 U.S.C. 706(1), directing Defendants to render a final decision on Plaintiff Mr. Shahinpour's B-1 non-immigrant visa application within fourteen (14) days of the issuance of the order;

C. Declare that Defendants' continued failure to render a final decision on Plaintiff Mr. Shahinpour's B-1 non-immigrant visa application constitutes agency action unlawfully withheld or unreasonably delayed;

D. Retain jurisdiction over this action and any attendant proceedings until Defendants have in fact rendered a final decision on Plaintiff Mr. Shahinpour's B-1 non-immigrant visa application;

E. Award Plaintiffs' reasonable attorneys' fees and expenses for the costs of this action (28 U.S.C. § 2412); and

F.   Grant such other and further relief as this Court deems proper.

| | |
|---|---|
| Date: March 22, 2019 | Respectfully submitted, |
| | /s/ Louis J. Rouleau |
| | Louis J. Rouleau (DC Bar No. 471654) |
| | Womble Bond Dickinson (US) LLP |
| | 1200 19th Street, N.W., Suite 500 |
| | Washington, DC 20036 |
| | Tel: (202) 857-4558 |
| | Fax: (202) 261-0023 |
| | Email: louis.rouleau@wbd-us.com |
| | |
| | *Counsel for Plaintiffs* |